## THE STATE vs. GOODRICH.

*February 3 — February 21, 1893.*

*Criminal law: Attempt to commit a felony: Adultery.*

Sec. 4385, R. S. (providing that "any person who shall assault another with intent to commit any burglary, robbery, rape, mayhem, or any felony . . . shall be punished," etc.), was amended by ch. 330, Laws of 1883, prescribing the same punishment for one "who shall advise or attempt to commit any arson, or any other felony that shall fail in being committed." *Held*, that the act does not apply to attempts to commit felonies other than those which are necessarily committed by force, and therefore does not apply to an attempt to commit adultery.

REPORTED from the Municipal Court of *Rock* County. The case is stated in the opinion.

For the plaintiff there was a brief by *William G. Wheeler,* district attorney of Rock county, and oral argument by *Mr. Wheeler* and *J. M. Clancey,* Assistant Attorney General.

For the defendant there was a brief by *Smith & Pierce,* and oral argument by *Chas. E. Pierce.* They cited *Jensen v. State,* 60 Wis. 577; Bishop, Stat. Crimes, sec. 245; *King v. Whitnash,* 7 Barn. & C. 596; *Reg. ex rel. Watermen's Co. v. Reed,* 28 Eng. L. & Eq. 133; *State ex rel. Kennedy v. Mc-Garry,* 21 Wis. 496; *State v. Harriman,* 75 Me. 562.

LYON, C. J. An information was duly filed in the municipal court of Rock county against the defendant. It contains two counts. The first count, by apt and proper averments, charges him with having committed the crime of adultery with a woman therein named. The second count charges that at the time and place specified in the other count the defendant did attempt to commit the crime of adultery with the same woman, by then and there attempting to have carnal knowledge of her body. A trial resulted in a verdict of guilty on the second count. A

motion in arrest of judgment was interposed, whereupon the trial court reported the case to this court, pursuant to sec. 4721, R. S., for its decision upon several questions of law.   One of these questions is whether sec. 4385, S. & B. Ann. Stats., creates the offense of an attempt to commit adultery.

The original section 4385, R. S., was as follows: "Any person who shall assault another with intent to commit any burglary, robbery, rape, mayhem, or any felony, the punishment of which assault is not herein prescribed, shall be punished by imprisonment in the state prison not more than three years nor less than one year, or by fine not exceeding one thousand dollars nor less than one hundred dollars." By ch. 330, Laws of 1883, the section was amended by injecting into it a provision that one " who shall advise or attempt to commit any arson, or any other felony that shall fail in being committed," shall be liable to the punishment prescribed in the original section.

Adultery may be punished by imprisonment in the state prison.   R. S. sec. 4576.   Hence, under sec. 4637, it is a felony.   Because it is a statutory felony it is argued in behalf of the state that it comes within the provisions of the act of 1883, and that an attempt to commit it is a crime. In view of the rule that penal statutes must be strictly construed, we think the argument unsound.   The original section specifies the crimes of burglary, robbery, rape, and mayhem, and the amendatory act adds arson to the list. All these are crimes in the commission of which force and the nonconsent of the injured party are essential.  Not so in adultery.   An unsuccessful attempt may be made to commit it, no doubt, without resorting to force, and both parties may join in the attempt, may share equally the guilty chagrin and disappointment of failure, and both would be liable to punishment for such attempt if it is within the act of 1883.

We do not believe the legislature intended to include in the provisions of the act of 1883 any attempts to commit felonies other than those which are necessarily committed by force; otherwise there was no necessity of specifying burglary, robbery, rape, and mayhem in the original sec. 4385, and arson in the amendatory act of 1883, all which (as before observed) are crimes necessarily committed with force. In other words, we are of the opinion that the statute was drawn as it is with reference to the maxim *noscitur a sociis*, which necessarily excludes from its operation all felonies in which force is not a necessary ingredient or element. This maxim, which is constantly applied to penal statutes, excludes from the operation of the act of 1883 an attempt to commit adultery. We adopt this construction. The view we have taken disposes of the case, and it is quite unnecessary to dispose of, or even state, the remaining questions found in the report of the learned municipal judge.

*By the Court.*— We answer the question above stated in the negative, and advise the municipal court to arrest judgment and discharge the defendant from custody. Let it be so certified to that court.