THE STATE, Plaintiff in error, vs. LEWIS, Defendant in error.

*February 1—February 18, 1902.*

*Criminal law: Larceny from the person: Attempt to commit larceny: Statutes.*

1. In legal contemplation touching another for a hostile or wrongful purpose is the application of force, and, within that definition, larceny from the person can only be accomplished by some degree of force.

2. Force being necessary for larceny from the person, an attempt to commit that crime is within sec. 4385, Stats. 1898, providing a penalty for one who shall assault another with intent to commit any burglary, robbery, etc., "or who shall advise or attempt to commit . . . any other felony that shall fail in being committed."

ERROR to review an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Reversed.*

For the plaintiff in error there was a brief by the *Attorney General,* and oral argument by *R. F. Hamilton,* second assistant attorney general, and *De Alton S. Thomas,* district attorney of Eau Claire county.

WINSLOW, J. The defendant in error was arrested and bound over for trial on a charge of an attempt to commit the crime of larceny from the person, and upon *habeas corpus* proceedings was discharged from imprisonment by the circuit court on the ground that there is no such crime under

our statutes. The state brings its writ of error to reverse such order of discharge. Sec. 4385, Stats. 1898, provides:

"Any person who shall assault another with intent to commit any burglary, robbery, rape or mayhem, or who shall advise or attempt to commit any arson or any other felony that shall fail in being committed, . . . shall be punished by imprisonment," etc.

It is admitted that, unless this section covers an attempt to commit the crime of larceny from the person, then there is no punishment provided for such an attempt by our statutes.

This court had this section under consideration in *State v. Goodrich,* 84 Wis. 359, and there held that it did not cover an attempt to commit adultery, because adultery was a crime committed by consent of both participants, whereas the class of crimes referred to in the section were all crimes in the commission of which force and nonconsent of the injured party were essential. It was said in the course of the opinion in that case that the provisions of the act were not intended to include any attempt to commit felonies other than those which are "necessarily committed by force." Taking this sentence as a basis, the circuit court held that mere larceny from the person is not necessarily committed by force; in fact is usually accomplished by stealth, unaccompanied with actual force; and hence that the attempt to steal from the person is not an attempt included within the terms of the section. In this we think it clear that the trial court erred. It is quite apparent that the distinction which was intended to be drawn in the *Goodrich Case* was not so much a distinction between force and the lack of force as between consent and nonconsent. Taking the decision, however, just as it reads, and granting that the attempt referred to in sec. 4385 must be an attempt to commit a crime which is necessarily committed by force, we still can see no reason to doubt that

an attempt to commit the crime of larceny from the person is an attempt to commit such a crime.

The trial court seems to have confounded force with violence. Force, in legal contemplation, does not always mean physical violence. Thus, in prosecutions for assault and battery, any touching of the person or clothing of another in anger, or even spitting upon another, constitutes a battery. In legal contemplation such touching for a hostile or wrongful purpose is the application of force. 1 Wharton, Cr. Law (10th ed.), § 617. The law can draw no line between the different degrees of force. 2 Am. & Eng. Ency. Law (2d ed.), 959. So, in burglary, an entry into the building, obtained by fraud, is deemed a forcible *breaking,* though accompanied by no actual force or violence. *Nicholls v. State,* 68 Wis. 416. Larceny from the person can only be accomplished by the use of some degree of force within the definition of force above given. There may be no actual violence; certainly none is generally intended. But there will necessarily be some slight touching of the clothing, person, or belongings attached to the person of another, which, though intended to be so slight that it will be unnoticed, is nevertheless a hostile and wrongful touch, and amounts to legal force.

So, under the most extreme view of the holding in the *Goodrich Case,* we cannot doubt that the crime of larceny from the person is strictly within the category of crimes included in sec. 4385, because it is necessarily accompanied by some measure of force. As before intimated, however, the question in the *Goodrich Case* was whether sec. 4385 included an unsuccessful attempt to commit a crime to which both parties concerned consented, and the court used the words "crimes necessarily committed by force" as the antithesis of "crimes committed by consent." We should scarcely be willing to say that there are no crimes included within the terms of sec. 4385 except such as are necessarily committed by force. It is enough to say, as we construe the *Goodrich*

*Case* to mean, that there are none included within that section which are committed by consent of both parties.

*By the Court.*—Order reversed, and cause remanded to the circuit court for Eau Claire county for further proceedings according to law.