GARRAD, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 12—December 6, 1927.*

*Sodomy: What constitutes offense: Criminal law: Advising commission of crime.*

1. Sodomy being punishable by imprisonment in the state prison is a "felony" within the meaning of sec. 340.52, Stats., constituting it an offense for any person to advise the commission of or attempt to commit any felony. p. 393.

2. Evidence that the defendant requested one or both of two girls whom he accosted and attempted to drag across the street to his automobile, to permit him to suck their private parts, does not support a conviction of sodomy, which, both at common law and under sec. 351.40, Stats., has been considered as involving the use of the male organ of generation.   p. 395.

ERROR to review a judgment of the municipal court of Milwaukee county: GEORGE A. SHAUGHNESSY, Judge.   *Reversed.*

The plaintiff in error waived a jury trial, was found guilty and fined $100 and costs, upon an information charging that he did on March 4, 1927, in said county, feloniously "advise the commission of a felony as defined in section 353.31, to wit, the crime of sodomy, and which crime then and there failed in being committed."

The facts were testified to by the complaining witness, a girl over twenty-one, and her girl companion.   The defendant offered no evidence.

*Jacob S. Rothstein* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Perry.*

ESCHWEILER, J.   Sec. 353.31, Stats., referred to in the information, *supra,* reads:

"The term 'felony,' when used in any statute, shall be construed to mean an offense for which the offender, on conviction, shall be liable by law to be punished by imprisonment in a state prison."

This information was challenged below and is here on the alleged ground that sodomy is not such a felony as comes within the statute upon which this prosecution is based, viz. sec. 340.52:

"Any person who shall advise the commission of or attempt to commit any felony as defined in section 353.31,

that shall fail in being committed, the punishment for which such advice or attempt is not otherwise prescribed in these statutes, shall be imprisoned in the state prison not more than three years . . . or by fine not . . . less than one hundred dollars."

This was created by ch. 34 of the Laws of 1901 as new section 4385a, and appears to have been passed upon by this court but once, in *Rudolph v. State,* 128 Wis. 222, 227, 107 N. W. 466, affirming a conviction for having solicited a bribe, and directly holding that such soliciting was one of the felonies within said section.   Page 228.

There is cited by the defendant on this point, *Goodrich v. State,* 84 Wis. 359, 54 N. W. 577.   That case, however, did not pass upon the statute here involved, viz. sec. 340.52 (sec. 4385a), but upon what is now sec. 340.51 (sec. 4385), which has been in force substantially as now since as early as the Revised Statutes of 1849 (ch. 133, sec. 45).   That statute then and now, in punishing assaults with intent to commit or the advice or attempt to commit felonies, expressly names burglary, robbery, rape, or mayhem, and arson, and the *Goodrich Case, supra,* only held that all such mentioned felonies being crimes in which force and non-consent of the injured party are essential (p. 360), under a familiar rule for construction of penal statutes the term "any other felony" would not include the offense of adultery.   The same statute and the *Goodrich Case* were passed upon in *State v. Lewis,* 113 Wis. 391, 89 N. W. 143, and there it was held, contrary to a ruling below on *habeas corpus,* that larceny from the person was within the term "other felony" in said sec. 4385 (now sec. 340.51).

The statute here, sec. 340.52, *supra,* has no such limiting specifications of felonies, is broad and general, and sodomy, being punishable by a state prison sentence, is a felony within that statute.   There is no force in this objection.

Plaintiff in error asserts here, and claims to have raised the question in the court below, that the evidence fails to

disclose that any "felony" was advised or solicited to be committed. In the bill of exceptions as prepared and presented on behalf of plaintiff in error and made a part of the record, as well as in the rest of the record transmitted here, there was nothing to show that the defendant below presented to the trial court such question. The reporter's minutes of the proceedings at the trial showed that at the close of the testimony only the following took place, namely: "State rests. Defendant rests." In the printed case, however, there was inserted between the two sentences just above quoted the following: "Defendant's counsel moves to discharge the defendant on the ground that there is not sufficient evidence to establish any crime." Upon this situation being called to the attention of counsel, leave was granted to have the record returned, when a further certificate was made by the trial court and returned with the original record whereby the above insertion in the printed case is now made a part of the record.

There is no excuse for such practice by attorneys, officers of the court, on behalf of any one seeking to have a record reviewed. A printed case or statements in briefs with reference to proceedings should be planted upon the record and not, as was apparently claimed here, upon counsel's recollection or impression of what the record was. Such an omission, if there was one, should have been discovered and corrected before the case was prepared and sent here.

Submitted as it was, it gave us the usual and customary assurance upon which we ought to be able to rely that the record was in fact as the printed case purported it to be.

We should regret extremely to find it necessary to always carefully check over and compare with the record itself statements made by counsel in case or brief, and we will not tolerate repeated offenses such as this. This court has, fortunately, but rarely had to call attention to matters of this nature, and we trust that such situations will be presented still more rarely in the future.

On defendant's second point we must say at the outset that the revolting nature of the facts shown and necessary to be now considered is such that we are at a loss to see what a defendant who has been fined but $100 and costs, an amount so trifling in comparison with the nastiness of the conduct shown by the uncontradicted evidence, or what his counsel either, can gain in making such shame a public and permanent record by this review. Having so elected, however, to pursue his constitutional right to bring it here, whatsoever be the motives, we have no election but to follow our constitutional duty and pass upon the questions presented.

The statute involved, sec. 351.40 (sec. 4591), reads:

"Any person who shall commit sodomy, or the crime against nature, with mankind or beast, shall be punished by imprisonment in the state prison not more than five years, nor less than one year. Said crime may be committed by the penetration of the mouth of any human being by the organ of any male person as well as by the penetration of the rectum; proof of emission shall not be required."

The last sentence thereof first appeared in the Revision of 1898. The first sentence has been the law at all times since as early as ch. 139, sec. 15, Statutes of 1849. Prosecutions under it appear to have reached this court heretofore but twice.

The uncontradicted evidence is that the defendant, driving an automobile with a foreign license, saw complaining witness and her girl companion standing on a street corner, and invited them to ride with him. This being refused, he attempted by force and violence to drag one or both across the street to his car, requesting that one or both permit him to suck their private parts. The contention that this is not sodomy or the crime against nature named in said statute, sec. 351.40, *supra,* must be sustained, however much such depraved conduct may deserve being placed in the catalogue of crimes.

Sodomy, the crime against nature, has from earliest times

been considered as involving the use of the male organ of generation.    1 Wharton, Crim. Law (11th ed.) § 758; Bishop, Crim. Law (9th ed.) § 1191; 36 Cyc. 502; 8 Ruling Case Law, 334.    And such is evidently the idea intended to be conveyed by the last sentence of said sec. 351.40, *supra*.

This addition to said statute also settled for us the dispute which has long raged as to whether the common-law and now statutory offense of sodomy between human beings included both forms of penetration, *per anum* and *per os*.    *Means v. State,* 125 Wis. 650, 104 N. W. 815.

In *Wise v. Comm.* 135 Va. 757, 115 S. E. 508 (1923), the court, owing to particular statutory changes, felt compelled to adopt the narrower view and excluded the latter, and so in *State v. Johnson,* 44 Utah, 18, 137 Pac. 632, and in *Comm. v. Poindexter,* 133 Ky. 720, 118 S. W. 943; and in *Kinnan v. State,* 86 Neb. 234, 125 N. W. 594, 27 L. R. A. N. s. 478, that court held the same way; but later in *Abbott v. State,* 113 Neb. 517, 204 N. W. 74, under a new statute, the contrary was then held and in line with decisions elsewhere, such as *Glover v. State,* 179 Ind. 459, 101 N. E. 629, 45 L. R. A. N. s. 473, with note; *State v. Start,* 65 Oreg. 178, 132 Pac. 512, 46 L. R. A. N. s. 266; *Borden v. State* (Okla.) 252 Pac. 446; *State v. Farris,* 189 Iowa, 505, 178 N. W. 361; *White v. State,* 136 Ga. 158, 71 S. E. 135.

In *Edwards v. State,* 190 Wis. 229, 208 N. W. 876, a conviction for sodomy was affirmed, but the question whether the facts there shown made a case under sec. 351.40, *supra,* was in no wise raised or considered, and for that reason that case should not be considered as inferentially supporting the judgment below here.

We are therefore constrained to hold that under the evidence the defendant cannot be convicted of the offense charged in the information.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.