Wood, Appellant, vs. Placky, Respondent.

*September 15—October 14, 1930.*

The cause was submitted for the appellant on the brief of *Hall, Baker & Hall* of Madison, and for the respondent on that of *Schubring, Ryan, Clarke & Petersen* of Madison.

FRITZ, J. Plaintiff seeks to recover damages for slander because of alleged defamatory words uttered by defendant. There are no allegations in the complaint charging special damages. Consequently, the facts stated are insufficient to constitute a cause of action unless the defamatory words are actionable *per se* because the charges made, if true, would subject the plaintiff to indictment for crime involving moral turpitude or to an infamous punishment. *Earley v. Winn,* 129 Wis. 291, 309, 109 N. W. 633. Do the words complained of make such charges?

Plaintiff alleges, in part, that he was a candidate for election to the office of town chairman of the town of York; that defendant was the town clerk, and that Lake was a printer to whom defendant, as town clerk, had duly furnished the copy for the proper printing of the official ballots for the town election; that, on different occasions and to different persons, the defendant spoke the following words in respect to the plaintiff, to wit:

"Wood was even down here to the printing office and asked Lake to make a change on the ballot from the copy I had given to Lake." (First cause of action.)

"Wood went to Lake the printer and tried to get Lake to make an illegal change of the names on the ballot so as to get an advantage at the polls." (Second cause of action.)

That the plaintiff, after the defendant had sent a copy for the ballots to the printer, had gone to the said printer and unlawfully endeavored to get him to change the ballot in such a way as to give the plaintiff an unlawful advantage at the polls over his opponents who were being voted for for the same office. (Third cause of action.)

The words quoted above as the basis for the first cause of action do not charge that the change which plaintiff requested Lake to make was to be an illegal change, or a change of such nature that if it had been made in printing the ballot would have subjected the printer or person causing it to be thus printed to prosecution and conviction under sec. 348.231, Stats. That section, so far as here material, provides:

"Any person who shall . . . wrongly print or cause to be printed, with intent to change the result of the election as to any candidate or nominee, any official ballot, . . . shall be punished by imprisonment in the state prison not more than three years nor less than one year."

However, the words of the second cause of action expressly charge that the change which plaintiff importuned Lake to make was "an illegal change of the names on the

ballot so as to get an advantage at the polls." One who printed or caused to be printed a ballot with such a change and such an intent would be subject to conviction under that statute. That is also true of one who printed or caused to be printed a ballot with the change charged in the third cause of action, viz. in such a way as to give a candidate an unlawful advantage at the polls over his opponents who were being voted for for the same office.

Sec. 348.231, Stats., prescribes as punishment imprisonment in the state prison. Consequently, by virtue of sec. 353.31, an offense under sec. 348.231 constitutes a felony. On the other hand, sec. 340.52, so far as here material, provides that—

"Any person who shall advise the commission of . . . any felony . . . that shall fail in being committed, the punishment for which such advice . . . is not otherwise prescribed in these statutes, shall be imprisoned in the state prison not more than three years nor less than one year, or by fine of not exceeding one thousand dollars, nor less than one hundred dollars."

There is no other statute which otherwise prescribes punishment for advising the commission of an offense under sec. 348.231, Stats. Consequently, sec. 340.52 applies to one who advises a printer to commit a felony under sec. 348.231 by wrongly printing or causing to be printed any official ballot with intent to change the result of an election as to any candidate; and one who so advises commits a felony, even though the suggested offense under sec. 348.231 fails in being committed because the printer does not act upon the advice by wrongly printing the ballot. *Rudolph v. State,* 128 Wis. 222, 227, 107 N. W. 466; *Garrad v. State,* 194 Wis. 391, 216 N. W. 496.

It follows that, in so far as the slanderous words complained of in the second and third causes of action charged that the plaintiff "tried" or "endeavored" to have Lake

wrongly print the ballots, they in substance charged plaintiff with advising the commission of a felony, and thus, in effect, by reason of sec. 340.52, charged plaintiff with the commission of a felony also.

As the offenses charged by the defamatory words complained of in the second and third causes of action are punishable by imprisonment, which constitutes infamous punishment (see *Earley v. Winn,* 129 Wis. 291, 310, 109 N. W. 633), they are actionable *per se,* and the demurrer to those causes of action should have been overruled.

*By the Court.*—Order reversed, with directions to enter an order sustaining the demurrer to the first cause of action, and overruling the demurrer to the second and third causes of action of the complaint.