STATE EX REL. WAGNER, Plaintiff, vs. LEE, Defendant.

*December 6, 1935—January 7, 1936.*

For the plaintiff there was a brief by *R. R. Williams* of Marshfield and *William G. Wheeler* of Janesville, and oral argument by *Mr. Wheeler.*

For the defendant there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

NELSON, J.   On December 5, 1935, pursuant to the procedure suggested in *In re Exercise of Original Jurisdiction,* 201 Wis. 123, 229 N. W. 643, there was filed in this court in behalf of Roman Wagner, hereafter called the petitioner, an application for a writ of *habeas corpus.*   It is asserted in the petition that the petitioner is imprisoned in the Wisconsin state prison at Waupun; that he was not committed to said prison by virtue of the final judgment of any competent tribunal of civil or criminal jurisdiction; that he is being restrained of his liberty by virtue of a certain commitment issued out of the circuit court for Wood county on October 24, 1934; that that commitment, among other things, states that he was convicted of having, on the 15th day of July, 1934, unlawfully and feloniously broken and entered in the nighttime the dwelling house of one Matt Roder with intent to commit the crime of adultery with the person of Elizabeth

Roder, contrary to sec. 343.10 of the Wisconsin Statutes, and of having, on said 15th day of July, 1934, unlawfully and feloniously broken and entered the dwelling house of Matt Roder in the nighttime with the intent to commit a felony, and did therein make an actual assault upon the person of Matt Roder, said Matt Roder being then lawfully therein, contrary to the provisions of sec. 343.09 of the Wisconsin Statutes; that that commitment was issued pursuant to proceedings had in said circuit court which were substantially as follows: On October 8, 1934, the district attorney of Wood county filed in the circuit court for said county an information against the petitioner which contained four counts. The first count charged that the defendant did, on the 15th day of July, 1934, unlawfully and feloniously break and enter in the nighttime the dwelling house of Matt Roder with the intent to commit the crime of rape upon the person of Elizabeth Roder, contrary to section 343.10 of the Wisconsin Statutes. The second count charged that the defendant did, on the same day, unlawfully and feloniously break and enter in the nighttime the dwelling house of Matt Roder with the intent to commit the crime of adultery with the person of Elizabeth Roder, contrary to sec. 343.10 of the Wisconsin Statutes. The third count charged that the defendant did, on the same day, unlawfully and feloniously break and enter the dwelling house of Matt Roder in the nighttime with the intent to commit a felony, and did therein make an actual assault upon the person of Matt Roder, said Matt Roder being then lawfully therein, contrary to sec. 343.09 of the Wisconsin Statutes. The fourth count charged that the defendant did, on the same day, unlawfully commit an assault and battery upon the person of Matt Roder, contrary to sec. 340.57 of the Wisconsin Statutes. The petitioner, upon being arraigned, entered pleas of not guilty to all four counts of the information. Thereafter trial was had to the court and a jury. On October 9, 1934, the jury in said action returned a verdict by which it found the petitioner "guilty of

breaking and entering the dwelling house of Matt Roder with intent to commit the crime of adultery in manner and form as charged in the second count of the information," and also "guilty of breaking and entering the dwelling house of Matt Roder with an intent to commit a felony and therein making an assault and battery upon the person of Matt Roder in manner and form as charged in the third count of the information." On October 24, 1934, the said court overruled all motions made by the petitioner, and thereupon sentenced him under the third count of the information to the state prison for the term of not less than five nor more than six years. A commitment, pursuant to said judgment of conviction, was thereafter delivered to the sheriff of Wood county, who conveyed the petitioner to the state prison, where he was delivered over to the custody of the warden thereof, who ever since and now detains and imprisons him under and by virtue of said commitment.

The petitioner asserts that his confinement is illegal for the following reasons: (1) That the commitment under which the petitioner is being restrained of his liberty does not set forth an offense punishable by imprisonment in the state prison; (2) that the second count of the information stated no offense punishable under the laws of this state; (3) that the third count of the information stated no offense punishable under the laws of this state; and that inasmuch as the second and third counts of the information did not charge the petitioner with any crime punishable under the statutes of this state by imprisonment in the state prison, the circuit court for Wood county was without jurisdiction to sentence the petitioner to the Wisconsin state prison, and the warden thereof was without authority to receive him and is without authority to detain him.

Shortly after his conviction he sued out a writ of error, with the result that the judgment of conviction was affirmed. *Wagner v. State,* 218 Wis. 79, 259 N. W. 826. Thereafter, during the 1935 vacation of the court, the petitioner applied

to Mr. Justice FOWLER for a writ of *habeas corpus*. That application was denied.

The principal contentions of the petitioner are: (1) Neither count 2 nor count 3 of the information states an offense known to the law, and therefore the trial court acquired no jurisdiction to try the petitioner; and (2) that since the information charged no offense, the trial court was without jurisdiction to proceed to judgment, and this court acquired no jurisdiction under the writ of error except to dismiss the same. *In re Carlson,* 176 Wis. 538, 186 N. W. 722. The contention that the circuit court was without jurisdiction to try the petitioner, in our opinion, is not sound. Even assuming, for the purpose of argument, that neither count 2 nor count 3 stated an offense known to the law, counts 1 and 4 unquestionably did state offenses. It is not contended that counts 1 and 4 did not state offenses. Those counts are wholly ignored by the petitioner in arguing the jurisdiction of the trial court. It cannot be said under the circumstances that the circuit court was without jurisdiction to try the petitioner, or without power to act or to commit error. *John F. Jelke Co. v. Beck,* 208 Wis. 650, 242 N. W. 576.

In our opinion, however, counts 2 and 3 did state offenses under secs. 343.09 and 343.10, Stats. Those sections are as follows:

"343.09 *Breaking house in night, being armed.* Any person who shall break and enter any dwelling house in the nighttime with intent to commit the crime of murder, rape, robbery, larceny or other felony, or after having entered with such intent shall break any such dwelling house in the nighttime, any person being then lawfully therein, and the offender being armed with a dangerous weapon at the time of such breaking or entering, or so arming himself in such house, or making an actual assault on any person lawfully therein, shall be punished by imprisonment in the state prison not more than fifteen years nor less than five years.

"343.10 *Breaking unarmed.* Any person who shall break and enter any dwelling house in the nighttime, with such in-

tent as is mentioned in section 343.09, or who, having entered with such intent, shall break such dwelling house in the nighttime, the offender not being armed, nor arming himself in such house with a dangerous weapon, nor making an assault upon any person then being lawfully therein, shall be punished by imprisonment in the state prison not more than eight years nor less than three years."

A careful reading of these sections impels the conclusion that the legislature regarded the breaking and entering of a dwelling house in the nighttime by any person with the intent to commit a felony therein, or the entering of a dwelling house in the nighttime with such intent, and making an actual assault upon any person lawfully therein, as serious crimes. The petitioner, however, contends that since certain specific crimes, viz., murder, rape, robbery, and larceny, are mentioned, the words "other felony" should be held to relate only to such felonies as are committed by force. He relies upon the construction given by this court to a different statute (sec. 4385, R. S., now sec. 340.51), in *State v. Goodrich*, 84 Wis. 359, 54 N. W. 577. It was there held that, although adultery was punishable by imprisonment in the state prison and was a felony, it was not the intention of the legislature to punish an unsuccessful attempt to commit adultery. The court said:

"An unsuccessful attempt may be made to commit it, no doubt, without resorting to force, and both parties may join in the attempt, may share equally the guilty chagrin and disappointment of failure, and both would be liable to punishment for such attempt if it is within the act of 1883."

The court further stated that it did not believe that the legislature intended to include in the act of 1883 any attempt to commit felonies other than those which are necessarily committed by force, and that as drawn, felonies in which force is not a necessary ingredient or element are necessarily excluded therefrom. The holding in the *Goodrich Case* was adverted to in *State v. Lewis*, 113 Wis. 391, 89 N. W. 143,

which involved a charge of *an attempt* to commit the crime of larceny from the person contrary to the provisions of the same statute construed in the *Goodrich Case.* Speaking of the holding in the *Goodrich Case* the court said:

"It is quite apparent that the distinction which was intended to be drawn in the *Goodrich Case* was not so much a distinction between force and the lack of force as between consent and nonconsent."

The court further said: "We should scarcely be willing to say that there are no crimes included within the terms of sec. 4385 except such as are necessarily committed by force. It is enough to say, as we construe the *Goodrich Case* to mean, that there are none included within that section which are committed by consent of both parties."

In *Garrad v. State,* 194 Wis. 391, 216 N. W. 496, the prosecution was brought under sec. 340.52, a statute in many respects similar to sec. 340.51, construed in the *Goodrich Case.* After adverting to the holding in the *Goodrich Case,* with respect to sec. 340.51, the court said:

"The statute here, sec. 340.52, *supra,* has no such limiting specifications of felonies, is broad and general, and sodomy, being punishable by state prison sentence, is a felony within that statute."

So it may be said here with respect to secs. 343.09 and 343.10, that those statutes have no such limiting specifications as to felonies, and that they are broad and general. By their very terms they specifically include a breaking and entry with the intent to commit the crime of larceny in which force is not involved. That in itself differentiates secs. 343.09 and 343.10 from 340.51 and the "attempt to commit any . . . felony" provision thereof. In our opinion, the language "with intent to commit the crime of murder, rape, robbery, larceny or other felony" is clearly broad enough to include other felonies, such as kidnapping, sodomy, or adultery, even though in committing either of the latter two crimes, consent of the guilty participants may obviously be present. It is

our conclusion that offenses were stated in both counts 2 and 3. In *Wagner v. State, supra,* wherein this court reviewed the conviction of the petitioner, it was held that the petitioner was properly convicted of the offenses charged in counts 2 and 3, although the court did not specifically consider the contention now made that the trial court was wholly without jurisdiction to try the defendant. It was impliedly held in that case, that breaking and entering a dwelling house in the nighttime with the intent to commit adultery, and entering a dwelling house in the nighttime with intent to commit adultery and committing an assault upon a person lawfully therein, constituted crimes.

While the second and third counts of the information were not as artistically drawn as they might have been, we perceive no defect therein which may properly be said to have resulted in any prejudice to the petitioner. Sec. 355.23. In any event, objections to the sufficiency of an information are generally deemed waived, unless raised before a jury is impaneled or testimony taken. Sec. 355.09; *Carver v. State,* 190 Wis. 234, 208 N. W. 874; *Watson v. State,* 190 Wis. 245, 208 N. W. 897; *Larsen v. State,* 190 Wis. 606, 209 N. W. 687; *Perrugini v. State,* 204 Wis. 69, 234 N. W. 384. Under all the circumstances to which we have adverted, there is nothing that we may properly do to release the petitioner from the state prison. If there be extenuating circumstances which tend to show that the petitioner has been dealt with too harshly, executive clemency alone can afford him relief.

*By the Court.*—The application for the writ is denied.