BROWN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 97. Argued September 15, 1971.—Decided October 8, 1971.*
(Also reported in 190 N. W. 2d 497.)

498

For the plaintiff in error there was a brief and oral argument by *Alan A. Olshan* of Milwaukee.

For the defendant in error the cause was argued by *George L. Frederick,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

HANLEY, J. The sole issue presented for review is whether the imposition of the maximum sentence of

ten years was an abuse of discretion under the facts of this case.

This case is similar to *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512. The crime in both cases was forgery, which the defendant admitted committing. After examining the presentence reports, Circuit Judge HUGH R. O'CONNELL imposed the maximum prison sentence in both cases. The defendant in the instant case argues that the ten-year sentence is excessive, just as McCleary did. However, McCleary's forgery was his first offense—therein lies the difference.

This court stated in *McCleary v. State, supra,* at page 290:

". . . We wish to make it absolutely clear, however, that a trial judge, in an aggravated case and in the exercise of proper discretion, could impose a maximum ten-year sentence in a forgery case and that such discretion would be sustained by this court."

We think that this case is sufficiently "aggravated" to permit the trial court, in the exercise of its sound discretion, to impose the maximum prison sentence. The defendant committed forgery, not once, but six times within six months. Although the trial judge does not sentence for the read-in charges, they can be considered for sentencing purposes. *Embry v. State* (1970), 46 Wis. 2d 151, 158, 174 N. W. 2d 521. In addition, defendant's long record shows a prior forgery and many less serious charges.

". . . These complaints are evidence of a pattern of behavior which, in turn, is an index of the defendant's character, a critical factor in the sentencing. . . ." *Waddell v. State* (1964), 24 Wis. 2d 364, 368, 129 N. W. 2d 201.

The reasons the trial judge selected the particular sentence clearly appear in the record, as required by *McCleary v. State, supra,* at page 281. It is evident that

the judge was initially reluctant to grant probation and did so only after imposing a lengthy sentence "to be held over [the defendant's] head" in case of violation of the conditions of probation. These conditions were immediately violated and in a most outrageous manner.

We conclude that under the facts of this case the trial judge did not abuse his discretion in imposing the maximum prison sentence.

*By the Court.*—Judgment and order affirmed.