WALTON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 218. Argued May 8, 1974.—Decided June 4, 1974.*
(Also reported in 218 N. W. 2d 309.)

For the plaintiff in error there was a brief by *Goodman & Michelson* of Racine, and oral argument by *Robert P. Goodman* and *Robert Michelson*.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. There is no dispute as to the facts in this case. The victim, a sixty-four-year-old retired female bookkeeper and resident of Racine, Wisconsin, testified at trial. She said that on September 8, 1972, at approximately 2:30 p. m., she was walking west on 6th Street in downtown Racine. She had just left a bank where she had made a deposit. She was carrying in her arms some clothing which she intended to take to a nearby cleaners. She was also carrying a green pouch upon which was written the name of the bank. Inside the bank pouch were, amongst other things, her glasses, a five dollar bill, a deposit slip, and a savings deposit book. She was carrying this pouch over her left arm, cradled in front of her stomach. She noticed the defendant following her for approximately one block and became fearful. When she saw the defendant coming closer she stopped in front of a restaurant, where she saw two men sitting, in order to let the defendant pass her. When the defendant approached her, he snatched or pulled the pouch out of her arms, without touching her or saying anything, and fled down the street. He was apprehended by the police shortly thereafter. Two men witnessed the crime and identified the defendant at trial.

The defendant testified at trial and denied that he had anything to do with this offense.

At the close of testimony, counsel for defendant at trial sought a directed verdict, arguing that the state had failed to present evidence that force was used against the victim. The motion was denied.

*Issues.*

The following issues are raised on this appeal:

1. Whether the evidence of force was sufficient to sustain defendant's conviction of robbery, contrary to sec. 943.32 (1) (a), Stats.?

2. Whether the trial court erred in refusing to submit an instruction to the jury on the lesser included offense of theft from person, contrary to sec. 943.20 (1) (a) and (3) (d) 2, Stats.?

3. Whether the defendant's sentence of eight years was excessive and an abuse of discretion?

4. Whether the trial court erred in refusing to grant a new trial in the interest of justice?

*Evidence of force.*

The defendant was charged and convicted of robbery, contrary to sec. 943.32 (1) (a), Stats. Sec. 943.32 provides, in part, as follows:

"943.32 **Robbery.** (1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means may be imprisoned not more than 10 years:

"(a) By using force against the person of the owner with intent thereby to overcome his physical resistance or physical power of resistance to the taking or carrying away of the property; or

"(b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

". . .

"(3) In this section 'owner' means a person in possession of property whether his possession is lawful or unlawful."

Defendant argues that ". . . there was no evidence that force against the body of the victim or the threat

thereof was the factor that enabled the defendant to take her property."

The victim testified at trial that she was fearful and apprehensive when she noticed the defendant was following her. She looked back three or four times and the defendant kept getting closer. She stopped and stood in front of a restaurant, in plain view of two men who were eating therein, hoping that she would be safe there until the defendant passed. She testified at trial, "It happened in a split second. All I could see was the face." When the defendant snatched the bank pouch from her arm she said ". . . [h]e pulled it out." On cross-examination, defense counsel inquired whether the pouch had been grabbed with one or two hands and the victim explained, "I tell you, I was so scared and so petrified I don't know what happened, just that someone was towering over me and I just was scared."

In *State v. Lewis* (1902), 113 Wis. 391, 89 N. W. 143, this court considered whether larceny from the person was included under sec. 4385, Stats. 1898, which then provided as follows:

" 'Any person who shall assault another with intent to commit any burglary, robbery, rape or mayhem, or who shall advise or attempt to commit any arson or any other felony that shall fail in being committed, . . . shall be punished by imprisonment,' etc." *State v. Lewis, supra,* page 392.

The court explained that it had held in a previous opinion ". . . that the provisions of the act were not intended to include any attempt to commit felonies other than those which are 'necessarily committed by force.' . . ." *State v. Lewis, supra,* page 392.

The defendant had been charged with an attempt to commit larceny from the person but was discharged by the lower court upon the ground that there was no such crime under the Wisconsin statutes at the time. The trial

court's reasoning was that larceny from person was not necessarily committed by force but, in fact, usually accomplished by stealth. Thus, larceny from the person was found not to fall within the ambit of sec. 4385, Stats. 1898. The supreme court reversed and explained:

"The trial court seems to have confounded force with violence. Force, in legal contemplation, does not always mean physical violence. Thus, in prosecutions for assault and battery, any touching of the person or clothing of another in anger, or even spitting upon another, constitutes a battery. In legal contemplation such touching for a hostile or wrongful purpose is the application of force. 1 Wharton, Cr. Law (10th ed.), § 617. The law can draw no line between the different degrees of force. 2 Am. & Eng. Ency. Law (2d ed.), 959. So, in burglary, an entry into the building, obtained by fraud, is deemed a forcible *breaking,* though accompanied by no actual force or violence. *Nicholls v. State,* 68 Wis. 416. Larceny from the person can only be accomplished by the use of some degree of force within the definition of force above given. There may be no actual violence; certainly none is generally intended. But there will necessarily be some slight touching of the clothing, person, or belongings attached to the person of another, which, though intended to be so slight that it will be unnoticed, is nevertheless a hostile and wrongful touch, and amounts to legal force." *State v. Lewis, supra,* page 393.

Since *State v. Lewis, supra,* the legislature has created sec. 943.20, Stats., which provides, in part, as follows:

"943.20 **Theft.** (1) ACTS. Whoever does any of the following may be penalized as provided in sub. (3):

"(a) Intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of such property.
"...

"(3) PENALTIES. Penalties for violation of this section shall be as follows:
"...

"(d) If the value of the property is less than $2,500 and any of the following circumstances exist, a fine of

not more than $5,000 or imprisonment for not more than 5 years or both:

"...

"2. The property is taken from the person of another or from a corpse; . . ."

The defendant argues that the defendant is guilty of theft from a person under sec. 943.20 (1) (a) and (3) (d) 2, Stats., rather than robbery under sec. 943.32. We are not persuaded by this argument. The victim was clutching the pouch between her arms and her stomach. It is undisputed that it was taken from her by force and in such a manner as to overcome any physical resistance or power of resistance by the victim. These facts do not constitute a theft from a person or corpse within the contemplation of sec. 943.20.

### Jury instruction.

It is urged that an instruction and verdict on the lesser-included offense of theft from the person, contrary to sec. 943.20 (1) (a) and (3) (d) 2, Stats., should have been submitted to the jury. The offense established by this section is theft with an increased penalty when the theft occurs from the person of another or from a corpse. We are of the opinion that the legislature determined the circumstances enumerated in sub. (3) (d) to be in aggravation of the offense of theft and, thus, to warrant the possibility of an increased penalty.

In *Moore v. State* (1972), 55 Wis. 2d 1, 6, 197 N. W. 2d 820, it was determined that theft from a person was a lesser-included offense of robbery. However, it does not categorically follow that the trial judge must submit an instruction and verdict on the lesser-included offense and the jury thereby given the unbridled authority to choose between the two verdicts.

In *Laster v. State* (1973), 60 Wis. 2d 525, 536, 211 N. W. 2d 13, the rule concerning the submission of the

instruction and verdict for a lesser-included offense was stated as follows:

"This court has continually held that '. . . to justify the submission for conviction of a lesser offense included in a greater crime there must be some reasonable ground in the evidence for a conviction of the lesser offense and an acquittal of the greater offense.' *State v. Melvin* (1970), 49 Wis. 2d 246, 252, 181 N. W. 2d 490.
" 'An included offense charge is permissible when the evidence requires the jury to find a disputed factual element in the charged offense which is not required for a conviction of the included offense and the jury on the evidence might find the disputed fact either way.' *State v. Melvin, supra,* at page 252."

As stated in *State v. Lewis, supra,* force is not to be confounded with violence. In the instant case, the testimony of the victim, corroborated by two witnesses, reflects that the pouch was forcibly taken from her. There is no dispute in the evidence concerning this element of the crime.

"Although actual force, as distinguished from constructive force, implies personal violence, the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property. Any struggle to obtain the property, any injury to the victim, or any resistance on his part that requires greater counterattack to effect the taking, is ordinarily regarded as sufficient to satisfy the requirement. The same is true if the force used, although insufficient actually to frighten the victim, surprises him into yielding. . . ." 67 Am. Jur. 2d, *Robbery,* p. 43, sec. 21.

Our attention has been directed to what might be described as conflicting authority of various jurisdictions in considering crimes relating to "purse snatching." [1] We do not deem it appropriate to make a general state-

[1] 77 C. J. S., *Robbery,* pp. 458, 459, sec. 15; 77 C. J. S., *Robbery,* pp. 460, 461, sec. 17; 42 A. L. R. 3d 1381, 1382, 1383, sec. 2.

ment relating to all circumstances in all "purse snatching" situations.

In the instant case, the degree of force used by the defendant is immaterial. The victim was aware of the defendant following her for some distance, she was fearful and apprehensive, she sought safety in front of a restaurant in the presence of two male customers. When confronted by the defendant, a twenty-six-year-old male, this sixty-four-year-old bookkeeper had reason to fear for her safety. The amount of resistance she was capable of asserting was not substantial in contrast to that of the defendant. The victim is not required to engage in an altercation with the assailant and subject herself to physical violence and possible injury before a defendant can be found to have committed the crime of robbery.

Under any reasonable view of the evidence, force was used against the victim with intent to overcome her physical resistance. The trial court did not err in refusing to submit a verdict for the lesser included offense. *State v. Zdiarstek* (1972), 53 Wis. 2d 776, 193 N. W. 2d 833.

### Sentence.

A presentence report of the defendant was ordered by the trial court. The report detailed an extensive history of past criminal conduct by the defendant and recommended incarceration. It reflected that the defendant was on federal probation at the time for violation of the Dyer Act. Also, at the time of sentencing a burglary charge was read into the record.

In *State v. Tew* (1972), 54 Wis. 2d 361, 367, 368, 195 N. W. 2d 615, this court held:

". . . Some of the factors this court has recognized as properly considered in sentencing have been: A past record of criminal offenses, *Brown v. State* (1971), 52 Wis. 2d 496, 190 N. W. 2d 497; a history of undesirable behavior patterns, *Triplett v. State* (1971), 51 Wis. 2d

549, 553, 187 N. W. 2d 318; . . . the results of a presentence investigation, *State v. Schilz* (1971), 50 Wis. 2d 395, 184 N. W. 2d 134; *State v. Burgher* (1972), 53 Wis. 2d 452, at 457, 192 N. W. 2d 869; the vicious or aggravated nature of the crime, *State v. Wells* (1971), 51 Wis. 2d 477, 187 N. W. 2d 328; . . ."

The factors considered by the trial court in sentencing the defendant were appropriate and he did not abuse his discretion.

"On appellate review, there is a strong policy against interference with the trial court in imposing sentence." *Hanneman v. State* (1971), 50 Wis. 2d 689, 693, 184 N. W. 2d 896.

We are also urged to grant a new trial in the interest of justice pursuant to the provisions of sec. 251.09, Stats. We are not convinced that the defendant should not have been found guilty, or that it is probable that justice has for any reason miscarried.

*By the Court.*—Judgment and order affirmed.