WHITAKER, Plaintiff in error, v. STATE, Defendant in error.

*No. 76–343–CR.  Submitted on briefs April 6, 1978.—Decided May 2, 1978.*

(Also reported in 265 N. W. 2d 575.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Mark Lukoff,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Pamela Magee-Heilprin,* assistant attorney general.

ABRAHAMSON, J.   Whitaker contends that his conviction for robbery should be reversed because (1) the information was not amended in conformity with the

statutes; (2) the trial court failed to instruct the jury on the lesser included charge of theft; and (3) the evidence was insufficient to support the jury's verdict. We affirm the judgment.

Whitaker was originally charged as a party to the crime of theft. Following a preliminary hearing on November 5, 1975, probable cause was found, and Whitaker was bound over for trial. He was arraigned and pleaded not guilty to an information charging theft from the person, party to a crime, contrary to secs. 943.20 (1) (a) and (3) (d)2 and 939.05, Stats.[1] Sec. 943.20 (1) (a) provides as follows:

"Theft (1) Acts. Whoever does any of the following may be penalized as provided in sub. (3):

"(a) Intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of such property."

---

[1] Sec. 939.05, Stats., provides:

"Parties to crime. (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

"(2) A person is concerned in the commission of the crime if he:

"(a) Directly commits the crime; or

"(b) Intentionally aids and abets the commission of it; or

"(c) Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it. Such a party is also concerned in the commission of any other crime which is committed in pursuance of the intended crime and which under the circumstances is a natural and probable consequence of the intended crime. This paragraph does not apply to a person who voluntarily changes his mind and no longer desires that the crime be committed and notifies the other parties concerned of his withdrawal within a reasonable time before the commission of the crime so as to allow the others also to withdraw."

Sec. 943.20(3)(d)2 provides for a penalty of a fine of not more than $5,000 or imprisonment for not more than five years, or both.

Trial was scheduled for January 9, 1976. On December 22, 1975, the State moved to amend the information to charge Whitaker with robbery. The motion was granted and on December 30, 1977, an amended information, charging Whitaker with robbery as party to a crime contrary to secs. 943.32(1)(a) and 939.05, was filed. Sec. 943.32(1)(a), Stats., provides as follows:

"Robbery. (1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means may be imprisoned not more than 10 years:
"(a) By using force against the person of the owner with intent thereby to overcome his physical resistance or physical power of resistance to the taking or carrying away of the property . . . ."

Trial was postponed, and an arraignment on the amended charge was held January 9, 1976. Whitaker again pleaded not guilty.

Whitaker moved the court to dismiss the amended information on the ground that the trial court lacked jurisdiction to proceed under an information which had been amended after the arraignment. The court denied the motion, holding that Whitaker was not prejudiced by the amendment, because he still had time to prepare for trial. Trial was held on May 6, 7, and 10, 1976, and the jury found Whitaker guilty of robbery.

Whitaker argues that the plain language of sec. 971.29, Stats., compels the conclusion that an information may not be amended by the State, with or without leave of court, after arraignment and the entry of a plea, and that therefore the trial court had no jurisdiction to try him pursuant to the amended information.

Sec. 971.29, Stats., provides as follows:

"(1)  A complaint or information may be amended at any time prior to arraignment without leave of the court.

"(2)  At the trial, the court may allow amendment of the complaint, indictment or information to conform to the proof where such amendment is not prejudicial to the defendant.  After verdict, the pleading shall be deemed amended to conform to the proof if no objection to the relevance of the evidence was timely raised upon the trial.[2]

"(3)  Upon allowing an amendment to the complaint or indictment or information, the court may direct other amendments thereby rendered necessary and may proceed with or postpone the trial."

In 1969, when this section was adopted, the Judicial Council commented as follows:

"This section is a restatement of existing law except that it provides that prior to arraignment the district attorney may amend a complaint or information without leave of the court on notice to the other party.  Since the district attorney is in charge of the prosecution he should be permitted to amend his pleadings prior to the time that the defendant has been required to plead."  42A Wis. Stats. Annot. p. 260 (1971).

Sec. 971.29 does not directly address the question of the amendment of the information after arraignment and before trial.  It neither authorizes nor prohibits such amendment.  Whitaker argues that application of the rule of *expressio unius est exclusio alterius* supports the conclusion that there can be no amendment after arraignment but before trial.  The gist of Whitaker's argument is that the effect of the statute's permitting amendment

---

[2] In *State v. Duda*, 60 Wis.2d 431, 440, 210 N.W.2d 763 (1973), we said that "The sentence regarding amendment after verdict was intended to deal with technical variances in the complaint such as names and dates."

before arraignment and during and after trial is to prohibit amendment after arraignment but before trial, because such an amendment does not fit within one of the statutory categories.

We do not agree with Whitaker's interpretation of the statute. We can find no logical reason to read the statute to forbid amendment of the information with leave of the court after arraignment but before trial so long as there is no prejudice to the defendant. We are not persuaded that the legislature intended to deny to the state, upon leave of the court, the power to amend an information prior to trial if the defendant's rights are not prejudiced.

The purpose of the information is to inform the defendant of the charges against him. Notice is the key factor. *Cf. La Fond v. State,* 37 Wis.2d 137, 144, 154 N.W.2d 304, 156 N.W.2d 162 (1967) (Heffernan, J. dissenting). The Wisconsin Constitution provides that "in all criminal prosecutions the accused shall enjoy the right . . . to demand the nature and cause of the accusation against him . . . ." Art. I, sec. 7, Wis. Const.

The charge is within the discretion of the prosecuting attorney, *State v. Duda,* 60 Wis.2d 431, 439–440, 210 N.W.2d 763 (1973), and the statute provides that the prosecuting attorney shall file an information based on the evidence elicited at the preliminary examination. Sec. 971.01, Stats. The trial court noted a practical reason for allowing amendment of the information after arraignment. The practice in Milwaukee County is to have the arraignment immediately after the preliminary hearing. At that point, the district attorney has not had an opportunity to study the transcript of the preliminary. It may be only later, after the district attorney

has studied the transcript, that it becomes apparent that there is a basis for a different charge.

Like other maxims of statutory construction, *expressio unius* requires caution in its application. The goal of statutory interpretation is to determine the legislative intent. The application of the maxim in this case must rest on the premise that the legislature considered all the alternative times an amendment of the information might be made and that all alternatives were rejected by the legislature except the ones set forth. We do not believe this inference can be drawn from the statutory language or the import of the statute.

Subsection (1) of sec. 971.29 should be read to permit amendment of the information before trial and within a reasonable time after arraignment, with leave of the court, provided the defendant's rights are not prejudiced, including the right to notice, speedy trial and the opportunity to defend. In this case the information was amended within a reasonable time after arraignment and the defendant was given notice of the charge, was not denied a speedy trial and had the opportunity to prepare for trial. Accordingly, this assignment of error is without merit.

Whitaker claims that the trial court committed reversible error when it refused his request that the jury be instructed on theft from the person as well as on robbery.

This court has held that theft from the person is a lesser incuded offense of robbery. *Moore v. State,* 55 Wis.2d 1, 6, 197 N.W.2d 820 (1972) ; *State v. Powers,* 66 Wis.2d 84, 89, 224 N.W.2d 206 (1974).

The rule for determining when an instruction on a lesser included offense should be given was set forth in *State v. Bergenthal,* 47 Wis.2d 668, 674–75, 178 N.W. 2d 16 (1970) as follows:

" '. . . if the evidence, in one reasonable view, would suffice to prove guilt of the higher degree beyond a reasonable doubt, and if, under a different, but reasonable view, the evidence would suffice to prove guilt of the lower degree beyond a reasonable doubt, but leave a reasonable doubt as to some element included in the higher degree but not in the lower, the court should, if requested, submit the lower degree as well as the higher. . . .' [quoting *Zenon v. State,* 4 Wis.2d 655, 668, 91 N.W.2d 208 (1958)]

"The key word in the rule is 'reasonable.' The rule does not suggest some near automatic inclusion of all lesser but included offenses as additional options to a jury. Only if 'under a different, but reasonable view,' the evidence is sufficient to establish guilt of the lower degree and also leave a reasonable doubt as to some particular element included in the higher degree but not the lower, should the lesser crime also be submitted to the jury. . . . The purpose of multiple verdicts is to cover situations where under different, but reasonable, views of the evidence there are grounds either for conviction of the greater or of the lesser offense. The lesser degree verdict is not to be submitted to the jury unless there exists reasonable grounds for conviction of the lesser offense and acquittal on the greater."

*See, State v. Mendoza,* 80 Wis.2d 122, 151, 258 N.W.2d 260 (1977).

Neither the trial judge nor this court is required to weigh the evidence in deciding the appropriateness of the instructions. Rather, we are "obliged to examine the evidence to determine whether the proposed instruction is based upon mere conjecture and whether, if a verdict were returned on the lesser included offense," we would be obliged to set it aside. *Ross v. State,* 61 Wis.2d 160, 172, 211 N.W.2d 827 (1973).

In the instant case, the significant difference between theft from a person and robbery is that the latter requires proof that force was used in the taking. Thus, if the evidence in one reasonable view, does not support

a conclusion that force was used in taking the victim's purse, the instruction on theft should have been given.

Evidence of physical violence is not required to establish a forcible taking. *Walton v. State,* 64 Wis.2d 36, 41, 218 N.W.2d 309 (1974), quoting *State v. Lewis,* 113 Wis. 391, 393, 89 N.W. 143 (1902). The victim in *Walton* was a sixty-four-year-old woman. She was carrying a bank pouch "over her left arm, cradled in front of her stomach." 64 Wis.2d at 38. The defendant followed the victim for some distance; the victim was fearful and apprehensive; the defendant snatched or pulled the pouch out of the victim's arms without touching her. The court held that "under any reasonable view of the evidence, force was used against the victim with intent to overcome her physical resistance. The trial court did not err in refusing to submit a verdict for the lesser included offense." *Id.* at 44.

In the case at bar, the victim's own uncontroverted testimony indicates that the force used against her was greater than the force used in *Walton.*

Madge Kelley, the victim, was seventy-two years old on the date of the crime. She testified that as she walked along the street she noticed a car drive slowly past her. As she reached the intersection and started across the crosswalk, a young man came running toward her, "running full force." She testified that "he took my purse and swung me around with a great force and I fell down." Ms. Kelley testified that she was shaken up, but not injured. However, injury to the victim is not necessary to establish that force was used in the taking of the property.

Whitaker was not involved in the actual taking of the purse; he was driving the getaway car. The individual who took the purse from Kelley did not testify. None of the witnesses who testified saw the snatching

itself. Thus the record contains no evidence either supporting or contradicting the victim's report of the manner in which her purse was seized. There is no evidence upon which a jury could reasonably base a conclusion that the purse was taken without the use of force. Accordingly, it was not error for the trial court to refuse to instruct the jury on the lesser-included charge.

Whitaker asserts another error closely related to the alleged error concerning the instructions. Whitaker claims that the evidence was not sufficient to prove the element of force beyond a reasonable doubt.

When the question of the sufficiency of the evidence is presented on appeal in a criminal case, the only question for the court is whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendant's guilt beyond a reasonable doubt. *Gauthier v. State,* 28 Wis.2d 412, 416, 137 N.W.2d 101 (1965). The test is not whether this court or any of the members thereof are convinced beyond a reasonable doubt, but whether this court can conclude that the trier of facts could, acting reasonably, be convinced to the required degree of certitude by the evidence it had a right to believe and accept as true. The credibility of the witnesses and the weight of the evidence is for the trier of fact. *Lock v. State,* 31 Wis.2d 110, 114–115, 142 N.W.2d 183 (1966).

Kelley's testimony, believed and rationally considered by the jury, is sufficient to prove beyond a reasonable doubt that force was used in the taking of the purse.

*By the Court.*—Judgment affirmed.