HANNEMAN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 50. Argued March 4, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 896.)

For the plaintiff in error there was a brief and oral argument by *Stanley F. Hack* of Milwaukee.

For the defendant in error the cause was argued by *E. Michael McCann,* district attorney of Milwaukee county, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J.   The sole question presented in this case is whether the trial court abused its discretion, or erred as a matter of law, in imposing sentence.

One of the burglaries to which the defendant pleaded guilty involved a codefendant, Gary Babian. By agreement, two other burglaries involving the defendant and Babian were read into the record for consideration in sentencing.

The second burglary to which the defendant pleaded guilty was committed by the defendant alone, and occurred while he was free on bond after his arrest for the prior offenses.

After the proper procedures had been followed for receiving the plea of guilty, the trial court asked the defendant if he wished to testify, and his counsel replied that he did not. Counsel then advised the court that Babian, who had participated in the first-charged burglary and the two read-in burglaries, had been given a suspended sentence and one year under the Huber Act (apparently meaning sec. 56.08, Stats.). The court responded, stating that it did not follow the practice of extending probation to defendants who did not take the witness stand when the only question before the court was sentence. Defendant's counsel then informed the court the defendant had been in custody eight months and urged probation. The state asked for a lengthy sentence,[1] and the court reiterated its position in regard to not considering probation for a defendant who, by his own choice, did not make himself available to the court at the time of sentencing for questioning concerning his previous history. The defense counsel then offered to make the defendant available, and the trial court refused the offer.

The defendant now asks for remand for resentencing, or reversal for trial, contending that the trial court refused to grant probation because the defendant failed to testify, and thus violated his privilege against self-incrimination guaranteed by the fifth and fourteenth amendments.

If the foregoing facts constituted the whole story, we would agree with the defendant and remand the case for resentencing. However, this is not the entire story.

It is well settled that a sentence imposed may not be based on constitutionally invalid grounds, for example, because the defendant has exercised his right to a trial by jury. *United States v. Wiley* (7th Cir. 1960), 278

---

[1] The maximum sentence under sec. 943.10 (1) (a), Stats., is ten years.

Fed. 2d 500. *See also: Jung v. State* (1966), 32 Wis. 2d 541, 145 N. W. 2d 684. However, in this case there was no violation of the defendant's constitutional rights. The defendant admitted his guilt by entering a plea of guilty to the crimes charged. A plea of guilty is an admission of guilt and a waiver of the privilege against self-incrimination. *See* Annot. *Plea of Guilty or Conviction as Resulting in Loss of Privilege Against Self-incrimination as to Crime in Question,* 9 A. L. R. 3d 990.

This court has held that the trial court abuses its discretion where it imposes a sentence on the basis of improper factors. In *Jung v. State, supra,* page 548, the court stated:

"In reviewing a sentence for an abuse of discretion, we start with the presumption that the trial court acted reasonably and with the requirement that the complainant must show some unreasonable or unjustifiable basis in the record for the sentence complained of. Consequently, . . . there must be a showing that in determining the sentence . . . the trial court based its determination upon factors not proper in or irrelevant to sentencing, or was influenced by motives inconsistent with impartiality. . . ."

*See also: State v. Tuttle* (1963), 21 Wis. 2d 147, 124 N. W. 2d 9; *Embry v. State* (1970), 46 Wis. 2d 151, 174 N. W. 2d 521; *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512.

It would be an abuse of discretion for the trial court to deny probation only because the defendant refused to testify at a hearing on sentencing. If the defendant refused to testify at postconviction hearing on sentencing and the trial court was of the opinion that more information about the defendant's background was necessary before imposing sentence, a presentence investigation could always be ordered.[2]

---

[2] Sec. 972.15, Stats.

Also, under the facts in this case, we do not consider the trial court abused its discretion in later refusing the defendant's offer to testify.

An examination of the entire record in this case reflects that the trial court did not consider the defendant a proper person for probation, for we find the trial court stated:

". . . . In any event, you have additional situations here. This man committed a burglary, at least one that is charged with after he was put under bond in the first one. He apparently was not at all convinced that any court proceedings should act as a deterent to his criminal activities. He was arrested in December of 1968, and he committed another burglary in June, of 1969. I grant you from my observations, and that's all I can say now since he had refused to take the stand, that he doesn't appear to be overly bright. He does have a record which reaching back to six years ago, that means when he was about 19 years of age, he was sentenced to the House of Correction for six months on the 20th day of July, 1964, and he was paroled, and then he violated parole. Sentenced to the House of Correction for six months on the 18th day of December, 1965, and then, of course, we have these actions. In addition to what has been read-in and stated openly of his additional prior record."

On appellate review, there is a strong policy against interference with the trial court in imposing sentence. *Riley v. State* (1970), 47 Wis. 2d 801, 803, 177 N. W. 2d 838. In *Neely v. State* (1970), 47 Wis. 2d 330, 334, 177 N. W. 2d 79, this court stated:

". . . The sentencing court has a twofold responsibility: To the individual found guilty and to the society which criminal laws are intended to protect. Not only is all relevant information to be brought to the attention of the sentencing judge, but considerable latitude is to be permitted trial judges in obtaining and considering all information that might aid in forming an intelligent and informed judgment as to the proper penalty to be imposed."

694

In *McCleary v. State, supra,* page 275, this court stated:

". . . When the legislature grants sentencing power to the courts to impose sentences covering a range, . . . it is apparent that it left it to the judicial discretion to determine where in that range the sentence should be selected. It is also apparent that the legislature concluded that all criminals convicted of a particular crime were not to be treated alike in respect to sentencing. Some were to be sentenced to probation, some were to be sentenced to short terms, and some to the maximum. . . . The legislature intended that individual criminals, though guilty of the same statutory offense, . . . were to be sentenced according to the needs of the particular case as determined by the criminals' degree of culpability and upon the mode of rehabilitation that appears to be of greatest efficacy. . . ."

We affirm the judgments and the order of the trial court.

*By the Court.*—Judgments and order affirmed.