COUSINS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 149. Submitted under sec. (Rule) 251.54 January 4, 1974.—Decided February 5, 1974.*
(Also reported in 214 N. W. 2d 315.)

The cause was submitted for the plaintiff in error on the brief of *John A. Keck* of Milwaukee, and for the defendant in error on the brief of *Robert W. Warren*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

HALLOWS, C. J.   Cousins was found guilty on July 27, 1971, for a rape committed February 15, 1971, but was granted a new trial. While out on bail and awaiting the new trial, Cousins was convicted on March 28, 1972, for

a rape committed on June 5, 1971. The report of the department of health & social services respecting the conviction for the June 5, 1971, rape, stated Cousins was not in need of specialized treatment and the trial court put Cousins on probation for five years. On July 8, 1972, Cousins was retried for the rape which occurred on February 15, 1971, and was again found guilty. This time the report of the department recognized Cousins' need for specialized treatment. At the *Huebner* hearing on the report, the state produced testimony that Cousins' conduct was a product of sexual psychopathology and that he was sexually dangerous and a high-risk individual. Dr. Fosdal, the psychiatrist, testified that the second report, which changed the recommendation of the first report, was the result of further information that Cousins had been convicted of the second rape and therefore it was a fact to be considered and not merely an allegation. Fosdal knew of this alleged rape when the first report was made. This witness recommended commitment to the department rather than probation with out-patient treatment because of the lack of adequate facilities for out-patient treatment in the Milwaukee area and the fact the defendant did not admit the rapes for which he had been convicted and refused to admit he had a sexual problem. There was testimony that unless a person recognizes his problem and desires to do something about it, he is a poor candidate for probation. The witness also testified he knew of no case where a person had been put on probation with out-patient treatment after two convictions for rape.

Cousins argues he had not been involved in any trouble for about one and a half years, which was evidence of behavioral control, justifying probation and out-patient treatment. Cousins' probation officer testified that he thought there were facilities for out-patient treatment in the Milwaukee area but the success of such treatment

depended upon the patient's receptive ability to treatment for a sexual problem. Cousins' volunteer probation counselor testified Cousins was cooperative. The state probation and parole agent specializing in the sex crime program testified the main condition for placing a man on probation under the sex crime program was the patient's desire to receive treatment.

Generally, the department of health & social services only recommends specialized treatment under the Sex Crimes Act when: (1) The behavior for which the defendant was convicted is a result of sexual psychopathology, (2) the defendant is dangerous to society, and (3) the defendant is treatable. *State v. Torpy* (1971), 52 Wis. 2d 101, 187 N. W. 2d 858.

The state's testimony supports the department's recommendation. We find no fatal inconsistency in the reports and the trial court neither made an error of law nor abused its discretion when it concluded on the evidence that Cousins was in need of specialized treatment. All the factors considered by the trial court were proper and relevant. While this court on appellate review will review sentences to determine if there is an abuse of discretion, *Jung v. State* (1966), 32 Wis. 2d 541, 145 N. W. 2d 684, *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512, *Hanneman v. State* (1971), 50 Wis. 2d 689, 692, 184 N. W. 2d 896, a review of this record does not disclose any ground for a reversal or modification of sentence imposed.

*By the Court.*—Judgment affirmed.