Lawrence Douglas **WOOD**, Appellant,

v.

**STATE of Oklahoma,** Appellee.

No. F–84–815.

Court of Criminal Appeals of Oklahoma.

April 4, 1986.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Robert E. Kall, Legal Intern, Olkahoma City, for appellee.

John Romig Smith, Oklahoma City, for appellant.

## OPINION

BUSSEY, Judge:

The appellant, Lawrence Douglas Wood, was convicted of Operating a Motor Vehicle While Having a Blood or Breath Alcohol Concentration of .10 or More After a Prior Conviction in violation of 47 O.S. Supp.1982, § 11–902, in the District Court of Oklahoma County Case No. CRF–83–4582. The appellant, hereinafter referred to as defendant, was sentenced to five years imprisonment, and he appeals.

On September 3, 1983, Officer Sharon Ford of the Oklahoma City Police Department was on routine patrol in the vicinity of N.W. 23rd and Classen. At approximately 7:30 p.m., Officer Ford observed the defendant execute a right turn without using his turn indicators, and stopped the defendant. When the defendant exited his car, Officer Ford noticed that he was moving awkwardly, and that his speech was slurred. The defendant was arrested and a breathalyzer test was administered which reflected a breath alcohol concentration of fourteen-hundredths (.14).

In his first assignment of error, the defendant contends that the State failed to prove the crime, and therefore, the trial court erred in overruling defendant's demurrer, or motion for a directed verdict.

The thrust of defendant's contention is that 47 O.S.Supp.1982, § 11–902(A)(1) requires the State to show that the breathalyzer administered actually tested alcohol concentration per two hundred ten (210) liters of breath. The defendant claims that the State is required to demonstrate at trial the actual workings of the breathalyzer device. This contention is patently frivolous. The defendant fails to cite authority in support of this argument; thus, this Court will not consider his contention. *Ward v. State*, 628 P.2d 376 (Okl. Cr.1981).

Defendant's second assignment of error is that the trial court improperly limited counsel's right to cross-examine the officer administering the breathalyzer test as to his ability to identify the defendant. The general rule in Oklahoma is that the scope of cross-examination rests within the sound discretion of the trial court. *Jackson v. City of Oklahoma*, 678 P.2d 725 (Okl.Cr.1984). This Court will reverse a trial court's decision only where there is a clear abuse of discretion resulting in prejudice. *Hall v. State*, 698 P.2d 33 (Okl.Cr. 1985). Given the positive identification made by other witnesses at trial, the court's limitations were neither an abuse of discretion, nor prejudicial.

Finally, defendant contends that 47 O.S.Supp.1982, § 11–902(A)(1) is unconstitutional and void for vagueness. This Court has previously held that the 1961 and 1971 enactments of 47 O.S.Supp.1982,

§ 11–902(A)(1) are not vague nor unconstitutional. *Parker v. State,* 424 P.2d 997 (Okl.Cr.1967); *Synnott v. State,* 515 P.2d 1154 (Okl.Cr.1973). The 1982 version provides a more detailed description of what constitutes intoxication, and therefore, is likewise neither vague nor unconstitutional. This assignment of error is without merit.

For the above and foregoing reasons the judgment and sentence is **AFFIRMED.**

PARKS, P.J., dissents.

BRETT, J., concurs.

PARKS, Presiding Judge, dissenting:

I must respectfully dissent regarding the majority's treatment of appellant's first assignment of error. The Oklahoma Legislature has set forth several required procedures for the efficacy of operation of the breathalyzer apparatus and the reliability of the results therefrom. *See* 47 O.S.Supp. 1982, § 756(d)(e). Furthermore, the Oklahoma Legislature has delegated the responsibility of "approv[ing] satisfactory methods, procedures, techniques, devices, equipment and records for tests and analysis ... for the purposes of determining the alcohol concentration ... and concentration of any other intoxicating substance" to the Board of Tests for Alcohol and Drug Influence. 47 O.S.Supp.1982, § 759(c). This Court has also held that the failure to comply with all the rules and procedures promulgated by that Board, on any given test, invalidates the test in question. *Westerman v. State,* 525 P.2d 1359 (Okl.Cr.1974).

In the instant case, the appellant contends that the State did not prove an element of the crime since there was no evidence presented that the breathalyzer was actually reading grams of alcohol per two hundred ten (210) liters of air. The appellant's contention has merit. This Court has previously stated that breathalyzers are considered reliable machines for the measurement of levels of intoxication. *Edwards v. State,* 544 P.2d 60, 62 (Okl.Cr. 1975). As with any scientific measuring apparatus, the machine is dependent upon

careful calibration for its accuracy. Theoretically, the device measures the content of alcohol dissipated in the alveolar air of the lungs. Empirical data suggests that a constant ratio exists between the concentration of alcohol in the bloodstream and the concentration of alcohol in the alveolar air of the lungs. Therefore, intoxication levels may be determined by an accurate reading of the alcohol concentration of the alveolar air. An analysis, which has not been calibrated properly, may prejudicially skew the results of the analysis and yield inaccurate results.

The State suggests that the prosecution has fulfilled its burden of proof since calibration of the apparatus is not a requisite element of the offense. This assertion is erroneous since the language of the statute requires proof of "breath alcohol concentration, *as defined in Section 756 of this title* of ten-hundredths (0.10) or more ..." 47 O.S.Supp.1982, § 11–902(A)(1) (emphasis added). Section 756 defines alcohol concentration as "grams of alcohol per two hundred ten (210) liters of breath ..." 47 O.S. Supp.1982, § 756(d). The trial court similarly instructed the jury that a requisite element of the offense is proof of "blood or breath alcohol concentration of .10 of more." The jury was further charged that "[a]lcohol concentration shall mean grams of alcohol per 100 milliliters of blood if the blood was tested, or grams of alcohol per 210 liters of breath if the breath was tested."

No evidence was presented to demonstrate that the machine was in fact measuring alcohol concentration in grams per two hundred ten liters of breath. Moreover, the prosecutor, in his closing argument, admitted:

It was pointed out that you have to prove—the State has to prove the blood or breath alcohol concentration of .10, and pointed out that when breath is tested that grams of alcohol per 210 liters of breath. And counsel pointedly pointed out no word of that every [sic] came out on the witness stand. *Not once did any of those witnesses testify in terms of*

*alcohol per 210 liters.* (Emphasis added).

For this reason, the State has failed its burden of proof, since it neglected to present evidence of a material element of the offense. The trial court should have sustained the appellant's motion for a directed verdict. Therefore, I respectfully dissent.