Edward Harvey SABO, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–85–150.

Court of Criminal Appeals of Oklahoma.

Jan. 21, 1987.

Rehearing Denied March 3, 1987.

Michael C. Trewitt, Blackwell, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Criminal Div., M. Caroline Emerson, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The defendant, Edward Harvey Sabo, appeals from convictions in the District Court of Kay County of Driving Under the Influence of Alcohol (Count I), in violation of 47 O.S.Supp., 1983, § 11–902, and Leaving the Scene of an Accident Involving Damage to a Motor Vehicle (Count II), a violation of 47 O.S.1981, § 10–103, Case No. CRM–84–372.

On September 7, 1984, a car driven by the defendant collided with an automobile operated by Stanley Stratt. The defendant told Mr. Stratt and a witness, Ellwyn Thomas, that he was going to drive to the hospital. The defendant then left the scene of the accident. Thomas followed the defendant who, deciding not to go to the hospital, drove to his home in nearby Ponca City. Thomas contacted the Ponca City police who remained outside the defendant's home until the Oklahoma Highway Patrol trooper Gary Lambdin arrived, some 30 minutes after the accident. Lambdin, while questioning the defendant, detected the smell of alcohol and performed routine field sobriety tests which the defendant failed. The defendant was then arrested, and a breathalyzer test was administered which registered a 0.28 breath alcohol concentration.

■ Defendant's first, fifth and seventh assignments of error are based on his assertion that 47 O.S.Supp.1983, § 11–902(A) is unconstitutionally vague. This Court has held that the 1983 enactment of § 11–902 is constitutional. The 1983 amended statute provides a more detailed definition of intoxication than its predecessors which this Court also found to be constitutional. *Wood v. State*, 716 P.2d 707 (Okl.Cr.1986). Clearly, men of common intelligence could not differ as to what act is proscribed by 47

O.S.Supp.1983, § 11–902(A). *Hayes v. Municipal Court of Oklahoma City*, 487 P.2d 974 (Okl.Cr.1971). Defendant's first, fifth and seventh assignments are without merit.

■ Defendant's second, third and fourth assignments rely on the claim that his warrantless arrest was unconstitutional for want of probable cause. 22 O.S.Supp. 1982, § 196(5) permits an officer to make a warrantless arrest when he has probable cause to believe that a party was driving a motor vehicle involved in an accident upon the public highways and was under the influence of alcohol. The test for probable cause is whether at the moment of arrest the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. *Greene v. State*, 508 P.2d 1095 (Okl.Cr.1973). In the present case, Trooper Lambdin was called to investigate a hit-and-run accident. Upon arrival at defendant's home, Lambdin witnessed defendant's damaged car. Moreover, the witness, Ellwyn Thomas, was present to link the defendant to the commission of the hit-and-run accident. Lambdin then interviewed the defendant and detected a strong odor of alcohol. This series of events would lead a prudent man to believe that the defendant had committed an offense. Probable cause existed sufficient to justify a warrantless arrest; therefore, the second, third and fourth assignments are without merit.

■ Defendant further alleges that it was error for the trial court to give Instruction No. 6 to the jury. This instruction concerned the fact that no person charged with Driving Under the Influence may use as a defense that he is lawfully entitled to use alcohol or any other intoxicating substance. Defendant asserts that such instruction suggested to the jury that defendant was raising this as a defense. This assignment is without merit. The record is replete with testimony of defendant's legal use of controlled substances

sufficient to cause a jury to speculate as to the effects of these medicines. It was entirely proper for the trial court to forestall any possible speculation by the jury.

■ We do find merit in defendant's contention that the acts for which he was convicted fall outside the scope of the Victim's Compensation Act, 21 O.S.1981, § 142.1 et seq. The Victim's Compensation Fund assessments are therefore vacated.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED as MODIFIED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Presiding Judge, specially concurring:

The procedural infirmities I noted in my dissenting opinion to *Wood v. State*, 716 P.2d 707, 709–10 (Okl.Cr.1986) (Parks, P.J., dissenting) were not alleged in the instant case. Accordingly, I concur with this opinion.