**Lonnie Doyle STATEN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–385.**

Court of Criminal Appeals of Oklahoma.

June 22, 1987.

Michael C. Trewitt, Blackwell, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Lonnie Doyle Staten, was convicted of the crime of Driving Under the Influence of Alcohol, Second Offense, in the District Court of Kay County, Case No. CRF–84–64 and was sentenced to three (3) years' imprisonment with two (2) years' suspended, and he appeals.

Briefly stated the pertinent facts are that on March 16, 1984, appellant, who was driving his vehicle, was stopped due to a faulty tail light. The officer who stopped appellant observed that appellant was staggering, spoke slowly and smelled of alcohol. Appellant was arrested and transported to the Blackwell jail where a breathalyzer test was administered. The test showed a blood alcohol concentration of eleven-hundredths (.11).

For his first assignment of error appellant asserts that the statute under which he was charged 47 O.S.Supp.1983, § 11–902(A)(1) is unconstitutionally vague and overbroad. We recently addressed this identical issue in *Wood v. State*, 716 P.2d 707 (Okl.Cr. 1986), and held that this statute is neither vague nor unconstitutional. For the reasons set forth in *Wood*, we find this assignment of error meritless.

Appellant next alleges that the trial court erred in denying his motion to suppress his prior convictions in that the prior convictions were the result of guilty pleas and that the record in each case failed to show that his constitutional rights had been protected. This Court has consistently held that when prior felony convictions on pleas of guilty are used to enhance punishment, an affirmative showing that the defendant was represented by counsel and advised of his rights, before he entered his guilty pleas, is essential. *Houston v. State*, 567 P.2d 1002, 1006 (Okl.Cr. 1977).

In the present case, appellant pled guilty to three prior crimes of Driving Under the Influence of Alcohol in Case Nos. CRF–75–164, CRM–75–179 and T–73–136. The record clearly shows that he was represented by counsel at the time that he entered the guilty pleas, and that he pled guilty

with full knowledge of his constitutional rights. Moreover, appellant did not file an appeal on any of the three prior convictions used for enhancement. Accordingly, this assignment of error lacks merit.

In his third assignment of error appellant argues that the trial court erred in allowing the State to call appellant to testify at the hearing on motion to strike regarding the prior convictions in that it violated his right against self-incrimination. Initially, we note that appellant failed to cite relevant authority to support his assertion; therefore, it is waived. *Wofford v. State*, 581 P.2d 905 (Okl.Cr. 1978). We further find that appellant had already waived his constitutional right against compulsory self-incrimination when he pled guilty in the prior cases. *Trusty v. State*, 501 P.2d 1142 (Okl.Cr. 1972). Consequently, this assignment of error is without merit.

The appellant finally urges that the trial court erred in receiving into evidence State's exhibits numbers 5–11, the court records of his prior convictions. However, having previously found that the prior convictions were admissible to enhance appellant's punishment, this assignment is likewise without merit.

Finding no error warranting reversal or modification, the Judgment and Sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Presiding Judge, specially concurring:

The procedural infirmities I noted in my dissenting opinion to *Wood v. State*, 716 P.2d 707, 709–10 (Okl.Cr.1986) (Parks, P.J., dissenting), have not been alleged and are not present in the instant case. Accordingly, I concur with this opinion.