2007 OK CR 8

**Carl Don MYERS, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. M–2006–42.

Court of Criminal Appeals of Oklahoma.

March 8, 2007.

Ricki J. Walterscheid, Oklahoma Indigent Defense System, Norman, OK, for appellant at trial and appeal.

Kimberly Heinze, Katrina Conrad–Legler, Oklahoma Indigent Defense System, Norman, OK, for appellant at trial.

Cassandra Williams, Dan Gridley, Assistant District Attorneys, Oklahoma City, OK, for the State at trial.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jennifer L. Strickland, Assistant Attorney General, Oklahoma City, OK, for the State on appeal.

## *SUMMARY OPINION*

LEWIS, Judge.

¶ 1 Appellant was cited for two counts of Direct Contempt of Court during the trial of a co-defendant in Case No. CF–2004–1564 in the District Court of Oklahoma County. The Honorable Susan P. Caswell, District Judge, sentenced Appellant to six months in the Oklahoma County Jail on each count. Appellant appeals from the contempt citations.

¶ 2 On appeal, Appellant raises the following propositions of error:

1. The District Court erred in finding that Mr. Myers no longer possessed the privilege to avoid self-incrimination by invoking his United States and Oklahoma constitutional rights, and thus further erred by finding Mr. Myers in direct contempt of court when he refused to be compelled to answer incriminatory questions.

2. The District Court erred in convicting Mr. Myers of more than one count of contempt of court.

¶ 3 Appellant's first proposition of error requires that the two contempt citations be reversed, and the matter remanded to the District Court with instructions to dismiss. The District Court found Appellant had waived the right to assert, during the trial of his co-defendant, the privilege against self-incrimination because he had previously testified at his own trial on the same charges. The District Court primarily relied on *Trusty v. State*, 1972 OK CR 237, 501 P.2d 1142, to support its decision.

¶ 4 It is settled law that even if an accused waives his privilege against self-incrimination by voluntarily testifying at his own trial, the waiver is limited to the particular proceeding in which he volunteers the testimony. 8 Wigmore, Evidence § 2276(4), p. 470–72 (McNaughton Rev.1961); *see e.g. Martin v. Flanagan*, 259 Conn. 487, 789 A.2d 979, 984–85 (2002). Moreover, the weight of authority permits a witness whose conviction has not been finalized on direct appeal to invoke the

privilege against self-incrimination and to refuse to give any testimony whatever in regard to the subject matter which formed the basis of his conviction. *Wigmore, supra; Martin,* 789 A.2d at 984 n. 4. We decline the State's invitation to reject such settled law and weight of authority. In accordance with this law, *Trusty* must be read as holding the guilty plea conviction of the witness had become final.

¶ 5 In this case, the questions Appellant refused to answer related to the subject matter which formed the basis of his own conviction. *Id.* Moreover, Appellant's conviction had not become finalized on appeal. *Id.* Therefore, the District Court erred in finding Appellant had waived the right to invoke the privilege against self-incrimination during the trial of his co-defendant.

¶ 6 Because we find merit with Appellant's first proposition, the second proposition will not be addressed.

### DECISION

¶ 7 Appellant's citations for two counts of Direct Contempt of Court, imposed during the trial of a co-defendant in Case No. CF–2004–1564 in the District Court of Oklahoma County, are **REVERSED** and **REMANDED** to the District Court with instructions to dismiss. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2007), the **MANDATE** is **ORDERED** issued upon the filing of this decision.

C. JOHNSON, V.P.J., CHAPEL and A. JOHNSON, JJ.: concur.

LUMPKIN, P.J.: concurs in results.

LUMPKIN, Presiding Judge: Concur in Result.

¶ 1 I concur in the results reached by the Court and agree that this Court's decision in *Trusty v. State,* 1972 OK CR 237, 501 P.2d 1142, is not applicable to the facts of this case. In *Trusty* the defendant entered a plea of guilty to the charges and his conviction was final. In this case, Appellant entered a plea of not guilty, was convicted by a jury of the charge, and the conviction was pending on appeal, i.e. not final.

¶ 2 My concern with the Court's decision is when the opinion says "[i]t is settled law" that the waiver of privilege against self-incrimination by voluntarily testifying in his own trial is limited to the proceeding where the person testifies, and then can only cite to a hornbook and a Connecticut case as authority. If it is in fact "settled law", then the Court should be able to cite to cases from this Court and the U.S. Supreme Court as authority. Regardless, I agree with the principle of law enunciated by the Court in this case.